1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN D. CROSSWHITE,

11          Plaintiff,                    No. CIV S- 05-2364 DFL GGH P

12      vs.

13   RICHARD McFACHEN, Shasta
     County Superior Court Judge,

14

15          Defendant.              FINDINGS AND RECOMMENDATIONS
     _____/

16          Plaintiff, a state prisoner housed at a state psychiatric facility proceeding pro se,

17   seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C.

18   § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule

19   72-302 pursuant to 28 U.S.C. § 636(b)(1).

20          Although plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a), the court will not at this time rule on plaintiff's request to proceed in forma

22   pauperis because the undersigned must recommend summary dismissal with prejudice of this

23   action.

24          Prior to proceeding to the requisite screening, as a threshold matter the court notes

25   that plaintiff, prior to this action's even having been screened, has filed an interlocutory appeal,

26   an appeal for which there is no discernible basis.  Despite this purported appeal, the district court

1

retains jurisdiction because this circuit has long "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all by tangential matters," when the appeal is patently frivolous.  Marks v. Clarke, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996), citing Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. F.2d 104, 105 (9th Cir. 1992)("frivolous or forfeited appeal does not automatically divest the district court of jurisdiction.").  See also, U. S. v. Powell, 24 F.3d 28 (9th Cir. 1994); U.S. v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991); U.S. v. Claiborne, 727 F.2d 842 (9th Cir. 1984).  The appeal in this action, as noted, is wholly without merit, there having been at the time, in fact, no ruling from which to appeal.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

1   a complaint under this standard, the court must accept as true the allegations of the complaint in

2   question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the

3   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

4   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5              Plaintiff names as the sole defendant Shasta County Superior Court Judge Richard

6   McFachen.  Within the body of the form complaint, plaintiff only names the defendant within his

7   "statement of claim," setting forth no allegation whatever, and, as relief, states only  "see that I

8   get to court."   Plaintiff appends to his complaint various meanderings, such as "questions for

9   judges and district attorneys," wherein he seeks answers to generic and ill-framed questions

10  about the double jeopardy prohibition.  He goes on to claim that he has been prosecuted "without

11  charges and double jeopardy charges."  Plaintiff sets forth as attachments, inter alia, incoherent

12  allegations: "I was receiving $20 a week from my monther [sic] she fell and brock [sic] broth

13  [sic] her arms.  I am receiving nothing now.  I would like a chance to prove that its Double

14  Jeopardy which is a fedreal [sic] crime and a chance to prove that there [sic] prosecuting people

15  without charges which is a fedreal [sic] crime also."  Plaintiff's allegations, appended

16  haphazardly, are not coherently set forth, and this complaint should be dismissed without leave to

17  amend for a number of reasons, which are set forth below.

18             In the first place, the complaint wholly violates Rule 8.  Fed. R. Civ. P 8 sets forth

19  general rules of pleading in the federal courts.  Complaints are required to set a forth (1) the

20  grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

21  showing entitlement to relief; and (3) a demand for judgment for the relief plaintiff seeks.  The

22  complaint meets none of these requirements.  All that is required are sufficient allegations to put

23  defendants fairly on notice of the claims against them.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47,

24  78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);  5 C. Wright & A. Miller, Federal Practice and

25  Procedure § 1202 (2d ed. 1990).  Rule 8 requires "sufficient allegations to put defendants fairly

26  on notice of the claims against them."  <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991)).

1   Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended

2   complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.).

3              Second, plaintiff (as petitioner) has a history of filing duplicative, frivolous and

4   virtually incoherent actions.  The court takes judicial notice of the following cases:[1] Crosswhite

5   v. State of California, Case No. Civ. S-00-0008 LKK GGH P (stipulated dismissal of habeas in

6   order to exhaust state court remedies); Crosswhite v. Napa State Hospital, CIV S-00-0399 FCD

7   DAD P (habeas dismissed as duplicative of Case No. Civ. S-00-0008 LKK GGH P ); Crosswhite

8   v. State of California, CIV S-01-1521 MCE GGH P (habeas challenging recommitment denied);[2]

9   Crosswhite v. Napa State Hospital, CIV S 01-1654 DFL DAD P (habeas dismissed as duplicative

10  of CIV S-01-1521 MCE GGH P); Crosswhite v. Davis, CIV S 01-2561 FCD GGH P (habeas

11  administratively closed and filings stricken due to matter already proceeding in CIV S-01-1521

12  MCE GGH P); Crosswhite v. Shasta County Superior Court, CIV S 03-0173 MCE GGH P

13  (habeas dismissed because petitioner failed to respond to order to show cause why matter should

14  not be dismissed as duplicative of Case No. CIV S 01-1521 MCE GGH P).

15             Plaintiff also has a habit of filing numerous "letters," often incoherent, as well as

16  unresponsive to any court order and has done so in this case.  See, for examples of this practice,

17  plaintiff's multiple filings of December 1, 2005, and December 5, 2005, as well as filings on

18  December 16, 2005; December 29, 2005; January 5, 2006; January 23, 2006; January 25, 2006;

19  February 1, 2006; February 3, 2006; February 7, 2006; February 9, 2006; March 1, 2006; March

20  8, 2006; March 15, 2006; March 22, 2006.

---

[1] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Plaintiff was originally committed to a psychiatric facility when he was found not guilty by reason of insanity in October 1980 of charges of assault with intent to commit murder and assault with a deadly weapon on a peace officer.  Crosswhite v. State of California, CIV S-01-1521 MCE GGH P, p. 1.  In Case No. CIV S-01-1521 MCE GGH P, petitioner, for whom the court appointed the Federal Defender as counsel, was unsuccessful in his challenge to a January 2001 recommitment order.

1    Third, the Supreme Court has held that judges acting within the course and scope

2  of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson

3  v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear

4  absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley

5  v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of

6  Stump v. Sparkman determines its scope:

7           The relevant cases demonstrates that the factors determining
             whether an act by a judge is a 'judicial' one relate to the nature of
8           the act itself, i.e., whether it is a function normally performed by a
             judge and to the expectation of the parties, i.e., whether they dealt
9           with the judge in his judicial capacity.

10 Id. at 361.

11    Even had plaintiff framed any specific allegation against the judge based on

12 plaintiff's apparently mistaken conception of the double jeopardy clause of the Fifth

13 Amendment, this defendant would be absolutely immune from this civil suit.

14    The court will recommend dismissal because the undersigned finds that the

15 defects of this complaint cannot be cured.  "A pro se litigant must be given leave to amend his or

16 her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be

17 cured by amendment.'"  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.

18 1988), quoting Noll v. Carlson, 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter

19 Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d

20 1132, 1135-36 (9th Cir.1987).

21    Liberality in granting a plaintiff leave to amend "is subject to the qualification that

22 the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not

23 futile."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting

24 Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).   In this case, the court can discern no

25 manner in which plaintiff might be able to cure the defects of his allegations.  This appears to be

26 \\\\\

5

1  one of those relatively rare cases when to grant plaintiff further leave to amend would be patently

2  futile.

3        "Under Ninth Circuit case law, district courts are only required to grant leave to

4  amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

5  complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,

6  Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

7  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

8  amend even if no request to amend the pleading was made, unless it determines that the pleading

9  could not be cured by the allegation of other facts.").

10        For the reasons set forth above, this court finds that plaintiff's original complaint

11  is wholly frivolous, with defects for which no amount of amendment could provide a cure, the

12  undersigned will recommend dismissal with prejudice.

13        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint be

14  summarily dismissed with prejudice and this case be closed.

15        These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17  days after being served with these findings and recommendations, plaintiff may file written

18  objections with the court.  Such a document should be captioned "Objections to Magistrate

19  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

20  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

21  Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: 3/31/06                                    /s/ Gregory G. Hollows

23                                                    _____
                                                      GREGORY G. HOLLOWS
24                                                    UNITED STATES MAGISTRATE JUDGE

25  GGH:009
    cross2364.fr

26